UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOEY B. WEAVER, JENNIFER D. )<br>WEAVER, CENTRAL MED EMS, INC., and )<br>CENTRAL MED EMS HEALTH PLAN, )<br>)<br>Defendants. ) | Case No. 08-CV-0733-CVE-TLW |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Adjudge Defendants Joey B. Weaver, Jennifer D. Weaver, and Central Med EMS, Inc. in Civil Contempt of Court (Dkt. # 27). On December 12, 2008, plaintiff filed this case alleging that defendants Joey B. Weaver and Jennifer D. Weaver violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., by accepting employee contributions for health insurance coverage and using those contributions for unrelated personal or business expenses. Dkt. # 2. Defendants failed to file a responsive pleading or otherwise enter an appearance, and the Court entered a default judgment and permanent injunction in favor of plaintiff on June 10, 2009. Dkt. # 21. Plaintiff asked the Court to hold defendants in civil contempt for failing to comply with the default judgment and permanent injunction. Dkt. # 27. However, plaintiff did not personally serve defendants with a copy of her motion for contempt, and the Court provided defendants additional time to respond to plaintiff's motion until it was clear that defendants had actually been served with a copy of the motion. Dkt. # 30. Following personal service of the motion for contempt on defendants, plaintiff has filed notice

that defendants are taking steps to comply with the default judgment and permanent injunction. Dkt. # 34.

A district court has broad discretion when determining whether a party's violation of a court order justifies the use of a court's contempt power. United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd., 210 F.3d 1207 (10th Cir. 2000). District courts have the authority to impose civil contempt sanctions in two circumstances: "(1) to compel or coerce obedience to a court order . . . and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance [with a court order]." O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992). In order to prevail on a motion for civil contempt, the plaintiff must prove by clear and convincing evidence that the defendant violated a court order. FTC v. Kuykendall, 371 F.3d 745 (10th Cir. 2004); Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998). Any ambiguities in the order that the moving party alleges has been violated should be construed in favor of the person charged with violating the order, and a party may avoid a civil contempt sanction by showing that it "complied with a reasonable interpretation of the [order] and if the [party's] actions appears to be based on a good faith and reasonable interpretation of the order." Braintree Laboratories, Inc. v. Nephro-Tech, Inc., 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000).

Plaintiff has submitted evidence showing that defendants are attempting to comply with the default judgment and permanent injunction. Defendants state that they have found the most recent mailing address and phone number for each former employee of Central Med EMS, Inc. identified in the default judgment and permanent injunction, and have attempted to contact those employees to return employee contributions that were not used to pay for insurance premiums. Dkt. # 34, at

2

5-6. Defendants have also mailed checks to the former employees for the amounts stated in the default judgment and permanent injunction. Dkt. # 34, at 7-18. Plaintiff correctly notes that the evidence does not conclusively establish that defendants have returned the funds to the former employees, but the evidence suggests that defendants are making a good faith effort to comply with the default judgment and permanent injunction. Thus, the Court declines to hold defendants in civil contempt, because plaintiff has not shown by clear and convincing evidence that defendants have violated a court order. Plaintiff shall be required to submit a status report in 60 days. If defendants have not fully complied with or have ceased to make reasonable efforts to comply with the default judgment and permanent injunction, plaintiff may reurge her motion for contempt at that time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Adjudge Defendants Joey B. Weaver, Jennifer D. Weaver, and Central Med EMS, Inc. in Civil Contempt of Court (Dkt. # 27) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff is directed to personally serve defendants Joey B. Weaver and Jennifer D. Weaver with a copy of this Opinion and Order **no later than March 17, 2010**.

**IT IS FURTHER ORDERED** that plaintiff shall file a status report notifying the Court of defendants' effort to comply with default judgment and permanent injunction **no later than May 3, 2010**. If defendants have not taken reasonable steps to ensure full compliance with the default judgment and permanent injunction by that date, plaintiff may reurge her motion for contempt.

**DATED** this 3rd day of March, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT